IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

SABRINA STANLEY and
JUDY KOJETIN on their own behalf and
on behalf of all others similarly situated,

    Plaintiffs,

v.

PANORAMA ORTHOPEDICS AND
SPINE CENTER, P.C. and PMG LLLP,

    Defendants.

## CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES

Plaintiffs, by and through undersigned counsel, file this Class and Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

### STATEMENT OF THE CASE

1. Defendants employed Plaintiffs and those similarly situated as hourly business office workers in Defendants' private orthopedic medical practice.

2. Defendants assigned Plaintiffs and others a high volume of clerical, billing and other business office work, but refused to allow their employees to clock sufficient overtime hours to complete the work assigned. Because Plaintiffs and others were subject to discipline if they did not keep up with their assigned tasks, they worked off the clock - for no pay - to meet Defendants' demands for work production.

3. Defendants knew or should have known that Plaintiffs and others worked off the clock because, *inter alia,* Plaintiff Stanley informed them of the fact, and because Defendants' software

systems showed Plaintiffs' and others' work activity occurring outside of clocked hours.

4. Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

5. Defendants violated the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 C.C.R. 1103-1, because the COMPS requires employers to pay their employees for all hours worked and one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek and for each hour worked beyond twelve each workday.

6. Defendants violated the Colorado Wage Claim Act ("CWCA"), C.R.S. §§ 8-4-101, *et seq.*, which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship and imposes penalties on employers who do not tender wages due upon receipt of a written demand for such wages.

7. Defendants unjustly retained the benefit of Plaintiffs' and others' work, at Plaintiffs' and others' expense, without commensurate compensation.

8. Plaintiffs seek, on their own behalf and on behalf of all others similarly situated, actual damages, liquidated damages, disgorgement, penalties, pre- and post-judgment interest, and attorney fees and costs resulting from Defendants' willful violations of state and federal statutory wage law and Colorado common law.

**PARTIES, JURISDICTION, AND VENUE**

9. Plaintiff Stanley was employed by Defendants from approximately March, 2019 through approximately March, 2022. Plaintiff Stanley's FLSA Consent to Join form is attached hereto as Exhibit 1.

10. Plaintiff Kotejin was employed by Defendants from approximately August, 2021 through approximately February, 2022. Plaintiff Kojetin's FLSA Consent to Join form is attached hereto as Exhibit 2.

11. Panorama Orthopedics and Spine Center, P.C. is a registered Colorado corporation with a principal street address of 660 Golden Road Ridge Road, Suite 250, Golden, Colorado, 80401.

12. PMG LLLP is a registered Colorado limited liability limited partnership with a principal street address of 660 Golden Road Ridge Road, Suite 250, Golden, Colorado, 80401.

13. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.* and 26 U.S.C. § 7434.

14. Plaintiffs request that this Court exercise supplemental jurisdiction over their claims arising under the COMPS, CWCA and Colorado common law pursuant to 28 U.S.C. § 1367.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

**FACTUAL ALLEGATIONS**

16. Plaintiffs and those similarly situated worked as hourly business office employees in Defendants' large private orthopedic medical practice.

17. To contain labor costs and increase income for the owners of the enterprise, Defendants refused to authorize sufficient overtime hours for Plaintiffs and others to finish the clerical, billing and other tasks Defendants assigned to them.

18. Plaintiffs and others were subject to pressure from their supervisors to keep up with the high volume of work assigned and were subject to discipline if they did not complete the tasks assigned.

3

19. In order to keep up, Plaintiffs and her co-workers worked off the clock, for no pay.

20. Defendants knew that Plaintiff and others were working off the clock for free because Plaintiff Stanley informed them of this fact via email messages.

21. Defendants also knew or should have known that Plaintiffs and others were working off the clock because Defendants' software systems showed Plaintiffs and others performing work outside of their clocked-in hours.

22. For example, during the months from October through December of 2021, Plaintiff Stanley clocked out of Defendants' "paycom" timekeeping system around 5 p.m. each workday, and then worked an additional 2 to 6 hours in order to keep up with the work Defendants required her to perform.

23. By way of further example, Plaintiff Kojetin worked approximately 15-30 minutes off the clock each day, Monday through Friday, to address duplicate records of surgeries and clinical visits in order to keep her electronic "queue" of work clean.

24. Defendants' "NextGen" and other software systems recorded the tasks performed by Plaintiffs and others – and the times those tasks were performed.

25. Defendants could have, should have, and may have, accessed their "NextGen" and other systems to become aware of the off the clock work Plaintiffs and others performed.

26. Defendants' other hourly business office employees also worked off the clock hours.

27. Defendants subjected all their hourly business office employees to the same policy and practice of failing to pay for off the clock work performed.

28. Defendants received the benefit of Plaintiffs' and others' clerical, billing and other work and retained those benefits at these employees' expense by refusing to compensate them for the work performed off the clock.

4

29. It would be unjust for Defendants to retain the benefits of Plaintiffs' and others' labor without paying for it.

30. Each year relevant to this action, Plaintiffs and others handled computer equipment, accessed interstate computer networks, and engaged with other materials which moved in interstate commerce.

31. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

32. At all times relevant to this action, Defendants employed persons, including Plaintiffs and others, within the State of Colorado.

33. At all times relevant to this action, Plaintiffs and others similarly situated performed labor for the benefit of Defendants wherein Defendants commanded when, where, and how much labor Plaintiffs and others were to perform.

34. At all times relevant to this action, Defendants engaged in a business that provided medical, surgical and other health services.

35. Plaintiffs hereby demand, on their own behalf and on behalf of all others similarly situated who have been separated from employment, payment in an amount equal to all earned but unpaid wages and liquidated damages due. Such payment is demanded to be made in care of undersigned counsel at the listed address.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FIRST CLAIM

36. Plaintiffs bring their FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define the "FLSA Collective" as encompassing:

5

> All hourly business office employees who performed work off the clock on or after May 11, 2019.

37. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

38. All potential collective action Members are similarly situated because they worked for Defendants and were subject to Defendants' common policy of avoiding overtime wage payments for off the clock hours worked.

### **RULE 23 CLASS ALLEGATIONS AS TO THE SECOND CLAIM**

39. Plaintiffs assert their Second Claim, brought under the COMPS, as a C.R.C.P. Rule 23 class action, on their own behalf and on behalf of a class for which Plaintiffs seek certification.

40. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define this "COMPS Class" as follows:

> All hourly business office employees who performed work off the clock on or after May 11, 2016.

41. This action is properly brought as a class action for the following reasons.

42. Defendants failed to pay all their hourly business office employees for all hours worked off the clock.

43. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiffs do not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiffs believe and allege that the number of Class Members is in the 300-400 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

44. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay all their hourly business office employees for all hours worked off the clock, and whether Defendants knew or should have known that their hourly business office employees performed off the clock work.

45. The claims asserted by Plaintiffs are typical of the claims of the Class Members. This is an uncomplicated case of an employer failing to pay for all hours worked. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiffs challenge with their claims. If Defendants' policy of failing to for all hours worked was unlawful as applied to the representative Plaintiffs, it was unlawful as applied to the absent members of the putative class.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

47. The representative Plaintiffs will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of the Plaintiffs. The representative Plaintiffs will litigate the Class's claims fully.

48. The representative Plaintiffs are represented by counsel experienced in wage and hour class action litigation.

49. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

50. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiffs' claims. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the COMPS counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

51. Plaintiffs are unaware of any members of the putative class who are interested in presenting their claims in a separate action.

52. Plaintiffs are aware of no pending litigation commenced by members of the Class concerning the instant controversy.

53. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

54. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

55. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 29 C.F.R. § 516.2; 7 CCR 1103-1 (7.1). Each Class Member's damages will be easily determined by cross-referencing Defendants' time keeping system with their "NextGen" and other IT systems. Notice will be easily distributed because

all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## **RULE 23 CLASS ALLEGATIONS AS TO THE THIRD CLAIM**

56. Plaintiffs assert their Third Claim, brought under the CWCA, as a C.R.C.P. Rule 23 class action, on their own behalf and on behalf of a class for which Plaintiffs seek certification.

57. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define this "CWCA Class" as follows:

> All separated hourly business office employees who performed work off the clock on or after May 11, 2019.

58. This action is properly brought as a class action for the following reasons.

59. Defendants failed to pay all their separated hourly business office employees all earned, vested and determinable wages upon their separation.

60. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiffs do not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiffs believe and allege that the number of Class Members is in the 100-200 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

61. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay their separated employees all earned, vested and determinable wages upon their separation from employment, whether Defendants received a written demand for wages due to all separated employees, and whether Defendants tendered any monies in response to that demand.

62. The claims asserted by Plaintiffs are typical of the claims of the Class Members. This is an uncomplicated case of an employer failing to pay all earned, vested and determinable wages due upon employees' separation from employment. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiffs challenge with their claims. If Defendants' policy of failing to pay all wages due was unlawful as applied to the representative Plaintiffs, it was unlawful as applied to the absent members of the putative class.

63. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

64. The representative Plaintiffs will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of the Plaintiffs. The representative Plaintiffs will litigate the Class's claims fully.

65. The representative Plaintiffs are represented by counsel experienced in wage and hour class action litigation.

66. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

67. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiffs' claims. Thus, the interest of Members of the Class in

individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purpose of the CWCA counsels toward vindicating the rights of those employees with small claims as part of the larger Class.

68. Plaintiffs are unaware of any members of the putative class who are interested in presenting their claims in a separate action.

69. Plaintiffs are aware of no pending litigation commenced by members of the Class concerning the instant controversy.

70. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

71. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

72. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 29 C.F.R. § 516.2 ;7 CCR 1103-1 (7.1). Each Class Member's damages will be easily determined by cross-referencing Defendants' time keeping system with their "NextGen" and other IT systems. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

### **RULE 23 CLASS ALLEGATIONS AS TO THE FOURTH CLAIM**

73. Plaintiffs assert their Fourth Claim for Unjust Enrichment, as a C.R.C.P. Rule 23 class action, on their own behalf and on behalf of a class for which Plaintiffs seek certification.

74. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define this "Unjust Enrichment Class" as follows:

11

>All hourly business office employees who performed work off the clock on or after May 11, 2019.

75. This action is properly brought as a class action for the following reasons.

76. Defendants failed to pay all their hourly business office employees for their off the clock work performed.

77. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiffs do not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiffs believe and allege that the number of Class Members is in the 100-200 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

78. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants received a benefit when they failed to pay their hourly business office employees for all work performed; whether Defendants received any such benefit at the Class Members' expense; and whether it would be unjust for Defendants to retain such benefit without compensating their employees therefor.

79. The claims asserted by Plaintiffs are typical of the claims of the Class Members. This is an uncomplicated case of an employer failing to pay for all work performed. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiffs challenge with their claims. If Defendants' policy of failing to pay all wages due was unlawful as applied to the representative Plaintiffs, it was unlawful as applied to the absent members of the putative class.

80. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

81. The representative Plaintiffs will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiffs. The representative Plaintiffs will litigate the Class's claims fully.

82. The representative Plaintiffs are represented by counsel experienced in wage and hour class action litigation.

83. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

84. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiffs' claims. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purpose of the CWCA counsels toward vindicating the rights of those employees with small claims as part of the larger Class.

85. Plaintiffs are unaware of any members of the putative class who are interested in presenting their claims in a separate action.

86. Plaintiffs are aware of no pending litigation commenced by members of the Class concerning the instant controversy.

87. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

88. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

89. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 29 C.F.R. § 516.2; 7 CCR 1103-1 (7.1). Each Class Member's damages will be easily determined by cross-referencing Defendants' time keeping system with their "NextGen" and other IT systems. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

### FIRST CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

90. Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

91. Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

92. Plaintiffs and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

93. Defendants "employed" the Plaintiffs and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

94. Defendants were Plaintiffs' and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

95. Defendants violated the FLSA when they refused to pay Plaintiffs and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

14

96. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

97. Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

98. Plaintiffs and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

### SECOND CLAIM – Failure to Pay for All Hours Worked
### Violation of the COMPS (7 CCR 1103-1)

99. Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

100. Defendants were Plaintiffs' and others' "employer" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

101. Plaintiffs and others were Defendants' "employees" as that term is defined by the COMPS because they performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

102. Defendants engage in a Health and Medical enterprise that provides medical, surgical and other health services and is thus covered by the pre-COMPS Colorado Minimum Wage Orders ("MWOs"). 7 CCR 1103-1(2)(D).

103. Defendants violated the COMPS (and the MWOs) when they refused to pay Plaintiffs and others for all hours worked.

104. Plaintiffs and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

105. Plaintiffs and others are entitled to recover unpaid wages, attorney fees and costs of the suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

### THIRD CLAIM – Failure to Pay All Earned, Vested and Determinable Wages
### Violation of the CWCA (C.R.S. § 8-4-101, *et seq*.)

106. Plaintiffs repeat and reallege each of the above allegations as if fully set forth herein.

15

107. Defendants were Plaintiffs' and others' "employers" as that term is defined by the CWCA because they employed Plaintiffs and others in Colorado. C.R.S. § 8-4-101(6).

108. Plaintiffs and others were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants. C.R.S. § 8-4-101(5).

109. Defendants violated the CWCA when they failed to pay Plaintiffs and those similarly situated all earned, vested and determinable wages upon termination of employment. C.R.S. § 8-4-109.

110. Defendants incurred penalties under the CWCA when they failed to tender wages due within 14 days of receipt of Plaintiffs' demand for all wages due. C.R.S. § 8-4-109.

111. As a result, Plaintiffs and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

112. Plaintiffs and others are entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

## FOURTH CLAIM – Failure to Pay for All Hours Worked
## Unjust Enrichment

113. Plaintiffs repeat and reallege each of the above allegations as if fully set forth herein.

114. Defendants have unjustly retained a benefit at Plaintiffs' and others' expense by having the clerical, billing and other work performed by Plaintiffs and others for free.

115. It would be unjust for Defendants to retain these benefits without commensurate compensation to Plaintiffs and others.

116. Plaintiffs and others are entitled to recover from Defendants all amounts that Defendants have unjustly retained. Defendants should be required to disgorge to Plaintiffs and others the benefits they have unjustly retained.

**WHEREFORE**, Plaintiffs pray, as to their FIRST CLAIM, that:

a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential members of the FLSA Collective;

b. They and the FLSA Collective members be awarded unpaid overtime premiums;

c. They and the FLSA Collective members be awarded liquidated damages as required by law;

d. They and the FLSA Collective members be awarded pre-judgment and post-judgment interest as permitted by law;

e. They and the FLSA Collective members be awarded costs and attorney fees; and

f. They and the FLSA Collective members be awarded such other and further relief as may be necessary and appropriate.

And, as to their SECOND CLAIM, that:

a. This action be certified as a class action pursuant to C.R.C.P. Rule 23;

b. They be certified as the class representatives of the COMPS Class;

c. Undersigned counsel be appointed Rule 23 class counsel;

d. Prompt notice of this litigation be sent to all putative COMPS Class members;

e. They and the COMPS Class be awarded the wages they are due, together with attorney fees and costs of suit;

f. They be awarded service awards in recognition of their work as representatives of the COMPS Class;

g. They and the COMPS Class be awarded such other and further relief as may be necessary and appropriate.

And, as to their THIRD CLAIM, that:

a. This action be certified as a class action pursuant to C.R.C.P. Rule 23;

    b. They be certified as the class representatives of the CWCA Class;

    c. Undersigned counsel be appointed Rule 23 class counsel;

    d. Prompt notice of this litigation be sent to all putative CWCA Class members;

    e. They and the CWCA Class members be awarded the wages earned, vested and determinable wages they are due;

    f. They and the CWCA Class members be awarded statutory penalties;

    g. They and the CWCA Class members be awarded attorney fees and costs of suit;

    h. They be awarded service awards in recognition of their work as representatives of the CWCA Class;

    i. They and the CWCA Class be awarded such other and further relief as may be necessary and appropriate.

And, as to their FOURTH CLAIM, that:

    a. This action be certified as a class action pursuant to C.R.C.P. Rule 23;

    b. They be certified as the class representatives of the Unjust Enrichment Class;

    c. Undersigned counsel be appointed Rule 23 class counsel;

    d. Prompt notice of this litigation be sent to all putative Unjust Enrichment Class members;

    e. They and the Unjust Enrichment Class members be awarded the benefit unjustly retained by Defendants;

    f. They be awarded services award in recognition of their work as representatives of the Unjust Enrichment Class;

    g. They and the Unjust Enrichment Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted this 11th day of May, 2022 by:

*s/ Brandt Milstein*
MILSTEIN TURNER, PLLC
2400 Broadway, Suite B
Boulder, CO 80304
303.440.8780
brandt@milsteinturner.com

*Attorney for Plaintiffs*
