IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01176-RM-SBP

SABRINA STANLEY, and
JUDY KOJETIN,

    Plaintiffs,

v.

PANORAMA ORTHOPEDICS AND SPINE CENTER, P.C., and
PMG LLLP,

    Defendants.

---

**ORDER REGARDING JOINT MOTION FOR FINAL CERTIFICATION OF CLASS AND COLLECTIVE ACTION AND FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT**

---

**Susan Prose, United States Magistrate Judge**

    Before the court is the parties' Joint Motion for Final Certification of Class and Collective Action and for Final Approval of Settlement Agreement ("Joint Motion"). ECF No. 46. In the Joint Motion, the parties also request that the court approve an award of attorney's fees and costs. *Id.* at 11. On consent of the parties and an order of reference from the presiding district judge, this court is authorized to issue a final determination on the Joint Motion. ECF Nos. 36, 47; *see also* 28 U.S.C. § 636. The court has carefully reviewed the relevant pleadings and supporting materials and has taken into consideration the parties supplementation of their arguments during a final hearing, which took place on August 5, 2024. ECF No. 47. For the reasons set forth at the hearing, the court **GRANTED** the Joint Motion and further articulates and memorializes in this formal order the grounds for its decision.

## BACKGROUND

This case concerns class claims against Defendants, who operate an orthopedic medical practice. Defendants allegedly failed to pay Plaintiffs and others certain wages required by state and federal law. *See generally* Complaint, ECF No. 1. In broad terms, the complaint alleges that Defendants failed to pay wages required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Colorado Overtime and Minimum Pay Standards Order, 7 C.C.R. 1103-1, and the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. §§ 8-4-101 *et seq. See generally id.* According to Plaintiffs, they are owed wages and other forms of damages because they were compelled to work off-the-clock time for which they were not compensated. A description of the claims and a brief history of this case is set forth in the court's order preliminarily approving the subject settlement. *See* ECF No. 43 (hereafter, "Preliminary Approval Order") at 1-3.

In June 2023, after extensive settlement negotiations, the parties successfully mediated and resolved their claims. The parties filed a Joint Motion for Preliminary Approval of Class Action Settlement on October 5, 2023, ECF No. 34, and on the same date, Plaintiffs filed an Unopposed Motion for Attorney Fees. ECF No. 35. On April 23, 2024, the court granted both motions. *See* Preliminary Approval Order. The court also approved the parties' proposed notice. *Id.* at 30-31. Plaintiffs were ordered to "distribute copies of the Completed Notice . . . to all potential settlement class members" "[a]s soon as practicable," but no later than thirty days after the date of entry of the Preliminary Approval Order. *Id.* at 32. The court extended that deadline and ultimately approved May 15, 2024, as the date by which the claims administrator would disseminate the court-approved Notice to the Class Members. ECF No. 44. The deadline for Class Members to opt out of, or object to, the Settlement Agreement was July 29, 2024. ECF

No. 46-1 ¶ 10. The parties filed the Joint Motion on July 15, 2024, and the court conducted a final fairness hearing on August 5, 2024. ECF No. 48. As noted above, the court granted the Joint Motion on that date and stated that the instant formal written order "detailing the Court's determinations will issue in due course." *Id.*

The proposed settlement agreement defines the settlement class as "all hourly business office employees who performed work for Defendants off the clock from May 11, 2016 through the date of the execution of the Settlement Agreement, who are specifically included on the List."[1] ECF No. 34-1 ("Settlement Agreement") at 11, § XII.A. Sabrina Stanley and Judy Kojetin are the "Named Plaintiffs." The Settlement Agreement will require Defendants to make a total payment of $299,000. *Id.* at 6, § VI. Of that total amount, $99,666.67 (which represents one-third of the Settlement Fund) will go to Plaintiffs' counsel as attorney's fees, with costs and expenses not to exceed $10,000.00. *Id.* at 14, § XIII.A. "The Settlement Fund, less deductions for attorneys' fees, taxes, and costs, and payments to class representative ('the Net Settlement Amount'), will be distributed to each Class Member based upon a pro rata share (stated as a percentage), . . . calculated based on records of time worked and wages paid provided by Defendants." *Id.* at 12-13, § XII.D. The only Class Members who will receive something more are the two Named Plaintiffs, each of whom will receive a $10,000.00 service award for the time and effort they devoted to the litigation. *Id*. at 6, § VI.

In the Joint Motion, the parties ask this court to certify the parties' proposed settlement

---

[1] The "List" refers to the list of all Class Members which Defendants provided to the Claims Administrator. ECF No. 34-1 at 10, § X.A. Page references to the Settlement Agreement are to the relevant pages of the PDF.

3

class for purposes of settlement only and to finally approve the Settlement Agreement, as well as to approve the aforementioned award of attorney's fees and costs. Joint Motion at 2, 13-14.

## LEGAL STANDARDS

### A.     Final Approval of Class Action Certification

Approval of a class action settlement under Federal Rule of Civil Procedure 23 takes place in two stages. In the first stage, the court preliminarily certifies a settlement class, preliminarily approves the settlement agreement, and authorizes that notice be given to the class so that interested class members may object to the fairness of the settlement. *Ross v. Convergent Outsourcing, Inc.*, 323 F.R.D. 656, 659 (D. Colo. 2018) (citing *In re Motor Fuel Temperature Sales Pracs. Litig.*, 258 F.R.D. 671, 675 (D. Kan. 2009)). In the second stage, after notice is given to the putative class, the court holds a fairness hearing at which it addresses (1) any timely objections to the treatment of this litigation as a class action and (2) any objections to the fairness, reasonableness, or adequacy of the settlement terms. *Id.* (citing Fed. R. Civ. P. 23(e)(2); *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002)).

District courts have broad discretion in granting or denying class certification. *Shook v. Bd. of Cnty. Comm'rs of the Cnty. of El Paso*, 543 F.3d 597, 603 (10th Cir. 2008) ("When reviewing a decision to grant or deny certification, we are cognizant of the fact that, in this realm, the district court enjoys considerable discretion, and we may reverse a district court's decision only for an abuse of that discretion."). "Certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a)"—numerosity, commonality, typicality, and adequate representation—"have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (cleaned up, quoting *Gen. Tel. Co. of the Sw. v.*

*Falcon*, 457 U.S. 147, 161 (1982)). Then, Rule 23(b) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

In addition, the proposed settlement must be "fair, reasonable, and adequate" under Rule 23(e)(2). In making this determination, the court considers the following four factors:

> (1) whether the proposed settlement was fairly and honestly negotiated;
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
> (4) the judgment of the parties that the settlement is fair and reasonable.

*Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). "The Court may also consider the fact that no objections were filed by any class members." *Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, No. 17-cv-0304-WJM-NRN, 2021 WL 1387110, at *3 (D. Colo. Apr. 13, 2021) (citation omitted).

Since December 1, 2018, Rule 23 articulates four factors a court must find to conclude that an agreement qualifies as fair, reasonable, and adequate:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and

5

      (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). "The advisory committee noted these new factors were not meant to displace any circuit's unique factors, but rather to focus courts on the core concerns in deciding whether to approve a proposed settlement." *Peace Officers' Annuity & Benefit Fund*, 2021 WL 1387110, at *3 (citing *Chavez Rodriguez v. Hermes Landscaping, Inc.*, No. 17-2142-JWB-KGG, 2020 WL 3288059, at *2 (D. Kan. June 18, 2020), citing advisory committee's note to 2018 amendment)). With the exception of the fourth factor, the new factors overlap with the previous factors delineated by the Tenth Circuit Court of Appeals. The court will take into account both sets of factors in its analysis here.

      **B.**    **Attorney's Fees and Costs**

A claim for attorney's fees and costs in connection with a class settlement must be made by motion under Rule 54(d)(2). *See* Fed. R. Civ. P. 23(h). Notice of the motion must be served on all parties and directed to class members in a reasonable manner. *Id.* Additionally,

> [u]nless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2). However, "[i]n the settlement of class actions resulting in a common fund from which fees will be sought, courts frequently have required that claims for fees be presented in advance of hearings to consider approval of the proposed settlement. The rule does not affect this practice, as it permits the court to require submissions of fee claims in advance of entry of judgment," as Plaintiffs have done here. *See* ECF No. 35-1; *see also* Fed. R. Civ. P. 54,

advisory committee's note to 1993 Amendment. Likewise has Plaintiffs' counsel complied with the pertinent Local Rule of this court, D.C.COLO.LCivR 54.3, which requires that a motion for attorney's fees be supported by affidavit and include a summary of counsel's qualifications and experience and a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed. *See* Declaration of Brandt Milstein, ECF No. 35-1.

## ANALYSIS

### A.   Final Class Certification

Final class certification cannot issue until after the fairness hearing. *See* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment ("The ultimate decision to certify the class for purposes of settlement cannot be made until the hearing on final approval of the proposed settlement."); *In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1261 (10th Cir. 2004) (stating that "a trial court overseeing a class action retains the ability to monitor the appropriateness of class certification throughout the proceedings and to modify or decertify a class at any time before final judgment"). When a court has already certified a class, as this court has done here, *see* Preliminary Approval Order, "the only information ordinarily necessary [for final class approval] is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted." Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment. No such changes have been made here, and so the court finds that the class satisfies Rule 23(a)'s requirements for certification for the reasons detailed in the Preliminary Approval Order. ECF No. 43 at 6-11.

### B. Notice to the Settlement Class

Under Rule 23(e)(1), a court approving a class action settlement must be satisfied that notice has been directed "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Rule 23(c)(2)(B) provides that, for "any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Further, the Due Process Clause guarantees unnamed class members the right to notice of a settlement. *DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 943-44 (10th Cir. 2005). The Tenth Circuit has recognized that "[t]he legal standards for satisfying Rule 23(c)(2)(B) and the constitutional guarantee of procedural due process are coextensive and substantially similar." *Id.* at 944.

Here, the parties complied with the court-approved notice plan. Of the notices initially mailed to the 157 class members on the class list, only fifteen notices were returned to the settlement administrator. ECF No. 46-1 ¶¶ 8-9. Ultimately, by utilizing advanced address search tools, only two notices were undeliverable, *id.* ¶ 9, but that fact indicates no violation of procedural due process. The due process requirement is satisfied when, per Rule 23(c)(2)(B), "the best notice practicable under the circumstances [is given] including individual notice to all members who can be identified with reasonable effort," *see In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1110 (10th Cir. 2001), which requires that the notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *DeJulius*, 429 F.3d at 944 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also Tennille v. W. Union Co.*,

8

785 F.3d 422, 438-39 (10th Cir. 2015) (mailing settlement notices to addresses updated through post office's change-of-address database was sufficient to comport with the requirements of Rule 23 and due process).

As for the contents of the notice itself, here it contained information regarding the nature of the instant lawsuit; summarized the terms of the Settlement Agreement; advised each class member of his or her estimated share of the settlement monies and the amount of attorney's fees and costs sought; discussed the binding effect of the settlement; and described the procedures for opting out and objecting to the proposed settlement. *See* Fed. R. Civ. P. 23(c)(2)(B) (describing information to be included in notice). The notice also provided an opportunity to obtain additional information concerning the settlement, including by means of directly contacting Plaintiffs' counsel, who has represented to this court that he is "bilingual, speaking, reading and writing both English and Spanish." Milstein Decl., ECF No. 35-1 ¶ 8; *see also* ECF No. 46-1 at 7-12.

For these reasons, and those set forth in the court's Preliminary Approval Order, ECF No. 43 at 30-31, the court finds that the parties have made sufficient reasonable efforts and issued the best practicable notice under the circumstances. The notice therefore satisfies both Rule 23 and procedural due process.

### C. Analysis of the Rule 23(e) and Tenth Circuit Factors

To reiterate the core operative legal principle to which this court must adhere, a proposed settlement may only be approved after a "finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "In this process, 'trial judges bear the important responsibility of protecting absent class members' and must be 'assur[ed] that the settlement represents adequate

compensation for the release of the class claims." *In re Crocs, Inc. Sec. Litig.*, 306 F.R.D. 672, 690 (D. Colo. 2014) (quoting *In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 349 (3d Cir. 2010)).

After careful review of the Settlement Agreement, the information filed by the parties in support of the Settlement Agreement, and the parties' arguments at the fairness hearing, the court respectfully finds that the proposed settlement is fair, reasonable, and adequate.

First, the court finds that the class representatives and counsel have adequately represented the class. As for the class representatives, Ms. Stanley and Ms. Kojetin, both provided important help during the litigation process, including by assisting counsel with reviewing documents, communicating with class members, and protecting the interests of the class during the settlement negotiations. Preliminary Approval Order at 19. These are consequential tasks in the litigation process.  As for class counsel, Brandt Milstein, the court finds him well-qualified to represent this class. Mr. Milstein has extensive experience litigating the claims of low-wage workers. Milstein Decl. ¶ 5. He has served as counsel in more than eighty FLSA and state wage law cases in federal and state courts and has been appointed class counsel in numerous Rule 23 class actions. *Id.* ¶¶ 9-10. The record here—including the quality of Mr. Milstein's written and verbal advocacy—fully supports the court's conclusion that Mr. Milstein is an experienced, skilled litigator whose representation of the class here readily satisfies the requirements of Rule 23.

Turning next to the question of arms-length negotiation, the record here evinces no evidence of collusion. As this court noted in the Preliminary Approval Order, the parties achieved a settlement with the assistance of a professional, experienced mediator, during a

10

mediation in which both sides vigorously advocated for their respective positions. Preliminary Approval Order at 15. Coupled with that, the parties drilled down on the facts by engaging in extensive document discovery, which further assures this court that the process leading to the settlement was in every respect fair, honest, and appropriate.

The court also finds that the relief provided to the class members is adequate, taking into account the costs, risks, and delay of trial and appeal. Serious questions of both fact and law are in play here. There is a dispute between the parties as to whether the time records accurately reflect the hours actually worked by the class members, Joint Motion at 9—a question of fact integral to the case and one that obviously presents a litigation risk to both sides. There is a significant legal question, too, in that there is uncertainty concerning the length of the applicable statute of limitations. Preliminary Approval Order at 16. The uncertain resolution of that question—the difference between six years, versus two or three, plainly impacts the ultimate recovery to which the class members may be entitled—further points toward the fairness of a settlement that eliminates the risk of at least some members of the class receiving no relief.

Finally, the judgment of experienced counsel that the settlement is fair and reasonable is entitled to considerable weight. *Suaverdez v. Circle K Stores, Inc.*, No. 20-cv-01035-RM-NYW, 2021 WL 4947238, at *9 (D. Colo. June 28, 2021), *report and recommendation adopted*, 2021 WL 5513740 (D. Colo. Oct. 19, 2021). Here, both sides are in agreement that the settlement is fair and reasonable, Joint Motion at 10, and both counsel are experienced in addressing the legal questions raised in this action. On the record here, the court discerns no justification for second-guessing the judgment of these experienced attorneys, and that conclusion is bolstered by the fact that no class member has opted out or objected to the

settlement. ECF No. 46-1 ¶¶ 10-12; *Peace Officers' Annuity & Benefit Fund*, 2021 WL 1387110, at *5 (considering, in granting final certification to a settlement class, "the significant fact that no class member has objected to any aspect of the settlement, and Epiq has received only one valid request for exclusion from the class submitted by an individual retail investor who holds a relatively small number of shares"). "The fact that no class member objects shows that the class also considers this settlement fair and reasonable." *Diaz v. Lost Dog Pizza, LLC*, No. 17-cv-02228-WJM-NYW, 2019 WL 2189485, at *3 (D. Colo. May 21, 2019).

*   *   *

Accordingly, this court respectfully finds that a full consideration of the Rule 23(e) and Tenth Circuit factors demonstrates that the proposed settlement is fair, reasonable, and adequate.

### D. Analysis of the FLSA Collective Action Factors

To the extent necessary, the court separately notes its approval of the Settlement Agreement for purposes of an FLSA collective action. *See* Joint Motion at 6-12. For the reasons set forth above, and as delineated in detail in the Preliminary Approval Order, ECF No. 43 at 22-28, the court finds that the settlement is fair and equitable to all parties pursuant to the factors set forth in *Herring v. Thunder Ridge Trucking & Filtration, Inc.*, No. 15-cv-00062-RM-KLM, 2016 WL 7868819 (D. Colo. May 24, 2016), which include that "(1) the FLSA settlement is reached as a result of a bona fide dispute, (2) the settlement is fair and equitable to all parties, and (3) the settlement contains a reasonable award of attorney's fees." *Id.* at *2.

### E. Attorney's Fees and Costs

The final issue for the court to take up is to confirm its finding that Plaintiffs' proposed attorney's fees and costs are fair and reasonable. *See* ECF No. 48. As noted in the Preliminary

12

Approval Order, the Settlement Agreement provides Plaintiffs' counsel an award of attorney's fees in the total amount of $99,666.67—one-third of the Settlement Fund—"plus reasonable out-of-pocket costs and expenses not to exceed $10,000." ECF No. 34-1 at 14, § XIII.A. In support of these numbers, Mr. Milstein, Plaintiffs' counsel, submitted a breakdown of the attorney's fees calculation applying the lodestar method. Milstein Decl. at 4-10.

Taking into account this information, and for the reasons set forth in detail in the Preliminary Approval Order, ECF No. 43 at 25-28—which included a detailed analysis of the question pursuant to the factors deemed relevant by the Tenth Circuit, *see Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454-55 (10th Cir. 1988) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974))—the court finds that that the attorney's fees award of $99,966.67, along with an award of costs and expenses not to exceed $10,000.00, is reasonable and appropriate. In so doing, the court reemphasizes several key points. The Tenth Circuit has "express[ed] a preference for the percentage-of-the-fund approach" in cases of this type. *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 458 (10th Cir. 2017). And *all* of the *Johnson* factors applicable here support the fee award the parties have requested, including Plaintiffs' counsel's commitment of significant time and resources to this multi-year litigation (precluding him from performing work for other clients), and counsel's demonstrable legal skill in this arena, resulting in a favorable settlement of almost three hundred thousand dollars for 157 low-wage workers. Preliminary Approval Order at 27-28 (analyzing the ten applicable *Johnson* factors). With regard to the latter point, the class members are not highly paid employees readily able to individually retain counsel of the caliber of class counsel here. Notably, too, there were no objections to the fee; the court held a final fairness hearing; and class

counsel supported the request by means of a detailed affidavit and attachments, in which he set forth his qualifications, experience, services rendered, hourly rate, and amount of time expended on the matter. *See generally* Milstein Decl. and attachments, ECF No. 35-1.

To sum up, after considering the *Johnson* factors in light of the facts surrounding this particular fee request, the court is satisfied that the proposed fee and costs award is within the range of reasonableness.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the parties' Joint Motion for Final Approval of Class and Collective Action and for Final Approval of Settlement Agreement (ECF No. 46) is **granted**, effective August 5, 2024. ECF No. 48. Further, and also effective August 5, 2024, the court:

(1) issues final certification of the class as defined herein;

(2) appoints attorney Brandt Milstein as class counsel and Sabrina Stanley and Judy Kojetin as class representatives;

(3) approves the proposed Settlement Agreement (ECF No. 34-1); and

(4) grants class counsel's Unopposed Motion for Attorney Fee (ECF No. 35).

Finally, it is **RECOMMENDED** that the court dismiss this action with prejudice and direct the Clerk of Court to close this case, with the court to retain jurisdiction to enforce the Settlement Agreement. *See, e.g.*, *Kennedy v. Mountainside Pizza, Inc.*, No. 19-cv-01199-CMA-STV, 2021 WL 5882138, at *6 (D. Colo. Dec. 13, 2021).[2]

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written

DATED: October 7, 2024                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").